BLUE SEAL SOUND DEVICES, INC., Appellant, *v.* RADIO RECEPTOR COMPANY, INC., Respondent.

First Department, May 29, 1936.

*Sidney S. Bobbé,* for the appellant.

*Harold R. Zeamans* of counsel [*Benjamin Miller* with him on the brief], for the respondent.

COHN, J. A consideration of the proof offered at the trial indicates that the letter of release was executed in a casual manner and that there was no intention on the part of the plaintiff to release the cause of action set forth in the complaint, which was an existing claim for a pre-existing breach of the contract between the parties.

If as defendant's president testified plaintiff was offered a reduction of sixty-six dollars in the price of an amplifer in return for a release of all liability under the contract, it is difficult to understand why defendant was content with the wording of plaintiff's letter, for it did not specifically release the defendant from every and any claim arising out of the contract. Were this the purpose of the release, it is fair to assume that defendant would have insisted upon having such intention clearly expressed.

The defendant's president testified that at the time he discussed the question of an exchange of releases with plaintiff's president, he was unaware of the suit pending against plaintiff for patent infringement, which suit resulted in plaintiff's present action against defendant for breach of warranty. Hence, it could not have been his intention to include liability for such a claim in the release.

It is hardly reasonable to suppose that there was any intention on the part of the plaintiff to release defendant from a large claim for a consideration of sixty-six dollars. That fact, coupled with the circumstances surrounding the execution of the release and the language of the instrument itself, leads to the conclusion that the intention of the parties was merely to terminate the contract

as to any future relations. We are of the opinion that the determination of the trial court was against the weight of the evidence.

The judgment should be reversed, with costs, and an order entered striking out the affirmative defense set forth in paragraph VII of the further amended answer.

MARTIN, P. J., McAVOY, O'MALLEY and UNTERMYER, JJ., concur.

Judgment unanimously reversed, with costs, and the affirmative defense set forth in paragraph VII of the further amended answer stricken out.